UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEM INDUSTRIAL, INC.,

      Plaintiff/Counter-Defendant,

v.

PA SOLUTIONS, INC.,

      Defendant/Counter-Plaintiff.

Case No. 2:22-cv-13037
Hon. Terrence G. Berg
Magistrate Judge Curtis Ivy, Jr.

## **STIPULATED PROTECTIVE ORDER**

Pursuant to the parties' joint request that the Court enter this Order, and their agreement that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of this litigation (the "Action"), the Court hereby **ORDERS** that:

**1.**  **Scope.** This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced in the course of this Action that the producing person or entity (the "Producing Party") has designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to this Order, including but not limited to all responses to discovery requests, all deposition testimony and exhibits, and all materials (including documents or testimony) produced by non-parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof

1

(collectively the "Confidential Information"). Each party agrees that the designation of material as confidential shall be made only after a good faith determination that the material in fact constitutes Confidential Information. Confidential Information shall not be disclosed or used for any purpose except in connection with the prosecution or defense of this Action.

2. **Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information.

3. **Disclosure Defined.** As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information. The restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this Action which contain or refer to the Confidential Information or information contained therein.

4. **Designating Material As Confidential.** Any party, or any third party subpoenaed by one of the parties, may designate as confidential and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Party asserts in good faith is protected from disclosure by statute or common law, including, but not

limited to, confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Information that is publicly available may not be designated as confidential. The designation of materials as confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

      5.    **Form and Timing Of Designation.**

      a.    **Documents And Written Materials.** The Producing Party shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp identifying it as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

      b.    **Electronically Stored Information ("ESI"):** If a production response includes ESI, the Producing Party shall make an effort to include within the electronic files themselves the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the extent practicable. If that is not practicable, then the

Producing Party shall designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (e.g., the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

  c. **Deposition Testimony.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within (14) fourteen days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected, except that any exhibit that has previously been marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to be confidential under this Order without further designation. Before such (14) fourteen day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Confidential Information.

  6. **Limitation Of Use.**

  a. **General Protections.** All information designated "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be used by the Receiving Party solely for purposes of prosecuting or defending this Action. The Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any

business, commercial, or competitive purpose. Except as set forth in this Order, the Receiving Party shall not disclose Confidential Information to any third party. This Order shall not prevent the Producing Party from using or disclosing information it has designated as Confidential Information, and that belongs to the Producing Party, for any purpose that the Producing Party deems appropriate.

b. **Persons To Whom Confidential Information May Be Disclosed.** Use of any information, documents, or portions of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. counsel of record for the parties, and the administrative staff of counsel's firms;

2. officers, employees, or other representatives of the Parties who are responsible for or materially involved in the prosecution and/or defense of the claims asserted in this Action;

3. independent consultants or expert witnesses retained by a party or its attorneys for purposes of this Action, but only to the extent necessary to further the interest of the parties in this Action, and only after such persons have completed the certification attached hereto as Attachment A, indicating that: (1) he/she has reviewed this Protective Order; (2) he/she agrees to handle any Confidential Information strictly in accordance with the terms of this Protective Order; and (3) he/she agrees not to disseminate any Confidential Information to any other person or use for any other purpose;

4. the authors and the original recipients of the documents;

5. any court reporter or videographer reporting a deposition;

6. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this Action;

7. any other person agreed to in writing by the parties, but only after such persons have completed the certification attached hereto as Attachment A, indicating that: (1) he/she has reviewed this Protective Order; (2) he/she agrees to handle any Confidential Information strictly in accordance with the terms of this Protective Order; and (3) he/she agrees not to disseminate any Confidential Information to any other person or use for any other purpose; and

8. the Court and the court's staff.

Prior to being shown any documents produced by another party marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," any person listed under paragraph 6(b) of this Order shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Protective Order.

The substitution, departure, or removal for any reason from this case of: counsel for the parties, any person listed under paragraph 6(b) of this Order, or anyone associated with the parties shall not release that person from the provisions of this Order or the certification attached hereto as Attachment A executed in connection with this Order.

7. **Inadvertent Production**. A party or non-party who inadvertently discloses or produces Confidential Information not yet designated as Confidential

Information may provide notice of the error and produce a copy of the document with the confidentiality designation. The receiving party must destroy the non-designated copy of the document upon receipt of the copy containing the confidentiality designation.

Inadvertent production of Confidential Information not yet designated as Confidential Information shall be protected against claims of waiver (including as against third parties and in other Federal and State proceedings). Additionally:

    a.    the production of documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Privileged Information"), including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Privileged Information;

    b.    the inadvertent production of Privileged Information or Confidential Information shall not result in the waiver of any privilege or protection associated with such Privileged Information or Confidential Information as to the Receiving Party, or any third parties, and shall not result in any waiver of protection of any kind;

    c.    if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Party in writing that it has discovered Privileged Information, identify the Privileged Information by Bates Number range, and return or sequester such Privileged Information until the Producing Party confirms whether it does indeed assert any privilege protecting this information. Once the Producing Party asserts privilege over such Privileged Information (as described in Subparagraph (e) below), the Receiving Party will return, sequester, or destroy all copies of such Protected Information, along

      with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Party;

d.    upon the request of the Producing Party, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the inadvertently disclosed Privileged Information or Confidential Information;

e.    if the Producing Party intends to assert a claim of privilege, confidentiality, or other protection over Privileged Information or Confidential Information identified by the Receiving Party, the Producing Party will, within ten (10) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing. With regard to Privileged Information, the Producing Party shall provide the Receiving Party with a log for such Privileged Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity, or basis for non-disclosure, and in the event that any portion of the Privileged Information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection;

f.    if, during the course of the litigation, a party determines it has inadvertently produced Privileged Information or Confidential Information, the Producing Party may notify the Receiving Party of such production in writing. The Producing Party's written notice must identify the Privileged Information or Confidential Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege or protection. After receiving such written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified Privileged Information or Confidential Information and any copies, along with any notes, abstracts or compilations of the content thereof. In the case of Confidential Information, the Producing Party may thereafter stamp/designate the Confidential Information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and re-produce such Confidential Information to the Receiving Party.

  g.  a Receiving Party's return, sequestration, or destruction of such Privileged Information or Confidential Information as provided in the Subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed Privileged Information or Confidential Information on grounds that the Privileged Information or Confidential Information is not in fact subject to a viable claim of privilege, confidentiality, or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Party's inadvertent production of the Privileged Information or Confidential Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Privileged Information or Confidential Information by the Producing Party was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of the Privileged Information or Confidential Information, or that the Producing Party did not take reasonable steps to rectify such disclosure;

  h.  nothing contained herein is intended to or shall limit a Producing Party's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party; and

  i.  prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, or in any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if it does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

  **8.**  **Filing Materials Containing Information Designated Confidential.**

In the event a party seeks to file with the Court any document containing Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the Confidential Information receives proper

protection from public disclosure, including: (a) filing a redacted document with the Court; or (b) if the preceding measure is inadequate (i.e., if the Court must consider the Confidential Information itself), seeking permission to file an unredacted version of the document under seal by filing a motion for leave to file under seal.

Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

9. **Attorneys Allowed To Provide Advice.** Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except for the disclosure of the Confidential Information as proscribed in this Order.

**10.  Excluding Others From Access.** Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated the information as "Confidential" may exclude from the room any person, other than persons designated in Paragraph 6(b) of this Order, as appropriate, for that portion of the deposition.

**11.  No Voluntary Disclosure To Other Entities.** The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in Paragraph 6 of this Order or as otherwise commanded by law or provided in this Order. Nothing in this Order shall prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as confidential to facilitate that party's efforts to preserve the confidentiality of the material, if warranted.

**12.  Disputes As To Designations.** Each party has the right to dispute the confidential status claimed by any other party or subpoenaed person or entity in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed

11

party, that party shall confer with counsel for the person or entity that designated the documents or materials. If any party challenges, in good faith, the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation of any document or information, the burden to properly maintain the designation shall remain with the person or entity that made the designation. In the event of disagreement, then the designating person or entity shall promptly file a motion with the Court to show that said document or information should remain protected. A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

13. **Information Security Protections.** Any person in possession of Confidential Information received from another person or entity in connection with this Action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information.

If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Information subject to this Order, they shall: (1) notify the person or entity who designated the materials as confidential of such breach; (2) investigate and take reasonable efforts to remediate the effects of

12

the breach; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

14. **All Trials Open To Public.** Absent further order of the Court, there will be no restrictions on any Party's ability to the use during a public hearing in this Action any document or information that has been designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or documents or information derived therefrom that would disclose such confidential information. However, any person may seek appropriate relief from the Court regarding restrictions on the use of such documents or information at trial or a public hearing, or sealing of the courtroom, if appropriate.

15. **No Waiver Of Right To Object.** This Order does not limit the right of any party to object to the scope of discovery in the Action.

16. **No Determination Of Admissibility.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

**17. No Admissions.** Designation by either party of information or documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

**18. No Prior Judicial Determination.** This Order is based on the representations and agreements of the parties and is entered for the purpose of facilitating discovery in this action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by counsel or the parties is in fact subject to protection until such time as the Court may rule on a specific document or issue.

**19. Order Subject To Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**20. Parties May Consent To Disclosure.** Nothing shall prevent disclosure by a Producing Party of its own Confidential Information. Further, nothing herein

prevents disclosure of Confidential Information by either party if the Producing Party agrees to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure. If the Receiving Party wishes to disclose any Confidential Information beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a party may petition the Court for a determination of these issues. In addition, any interested member of the public may also challenge the designation of any material as confidential, pursuant to the terms of this paragraph. If the parties disagree on such disclosure, the Confidential Information shall be treated as confidential until the Court orders otherwise.

**23. Return Of Materials Upon Termination Of Litigation.** Within 90 days of the final conclusion of this litigation (including all appeals and motions for collateral relief), the Receiving Party shall destroy the designated material and/or delete and erase all designated material from any hard drive, database, or electric file storage system.

**24. Counsel Allowed To Retain Copy Of Filings.** Nothing in this Protective Order shall prevent counsel of record for a party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate

or attach information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

**SO ORDERED.**

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2023

AGREED TO:

| /s/ Christopher St. Marie (w/consent) | /s/ Stuart M. Schwartz |
|---|---|
| Chris W. St. Marie (Ohio #0087064) | Stuart M. Schwartz (P62752) |
| HAHN LOESER & PARKS LLP | TAFT, STETTINIUS & HOLLISTER LLP |
| 200 Public Square, Suite 2800 | 27777 Franklin Road, Suite 2500 |
| Cleveland, OH 44114 | Southfield, MI 48034 |
| *Attorneys for GEM Industrial, Inc.* | *Attorneys for PA Solutions, Inc.* |

**ATTACHMENT A**
**TO PROTECTIVE ORDER**

The undersigned hereby acknowledges that _____ has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Michigan in matters relating to the Protective Order and understands that the terms of the Protective Order obligate the undersigned to use documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in accordance with the Order, solely for the purpose of the above-captioned action. Specifically, and without limitation, the undersigned agrees not to use or disclose any documents or information made available to the undersigned other than in strict compliance with the Order. The undersigned acknowledges that the undersigned's duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court, up to and including contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____        _____
                                                                            Signature